# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR FOOD SAFETY, | ) | |
| 660 Pennsylvania Ave SE #402 | ) | |
| Washington, DC 20003 | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No.  1:18-cv-1578 |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT FOR DECLARATORY** |
| | ) | **AND INJUNCTIVE RELIEF** |
| UNITED STATES OFFICE OF | ) | |
| MANAGEMENT AND BUDGET, | ) | |
| 725 17th St. N.W. | ) | |
| Washington, D.C. 20503 | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I.      NATURE OF ACTION

1.        The Center for Food Safety (CFS)—a nonprofit public interest and environmental advocacy organization working to protect human health and the environment— brings this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the United States Office of Management and Budget (OMB)'s unlawful withholding of records concerning the implementation of the Agricultural Marketing Act of 1946 and the OMB's oversight and coordination with USDA regarding the regulation of bio- and genetically-engineered foods.

2.        CFS filed a FOIA request with OMB to better understand oversight and coordination with the USDA in regard to the USDA's decision-making on the regulation of bio- and genetically-engineered foods. The goal of the request was to demonstrate OMB's analytic process to the public and contribute significantly to the public's understanding of the agency's actions.

3.        OMB is violating FOIA by failing to produce records in response to CFS's FOIA request, failing to conduct an adequate search for responsive records, failing to waive fees associated with the search for and disclosure of responsive records, and failing to provide both an initial determination as to the scope of the records to be produced or withheld, and an estimated date by which the agency's search will be complete.

4.        OMB's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's purpose, CFS seeks declaratory relief establishing that OMB is in violation

of FOIA, and injunctive relief directing OMB to provide responsive records without any further delay.

## II.    JURISDICTION AND VENUE

5.        This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.        Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7.        Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.        Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## III.    PARTIES

9.        Plaintiff CFS is a 501(c)(3) national non-profit public interest and environmental advocacy organization working to protect human health and the environment by curbing the use of harmful food production technologies and by promoting organic and other forms of sustainable agriculture. CFS works to maintain strong label standards on food and educates consumers on the meaning of different label definitions. Through nearly two decades of involvement in technical analysis, environmental litigation, and policymaking as it relates to food and environmental impacts, CFS has demonstrated its ability to take technical information provided by government agencies and distill it into a format that is accessible to the public. CFS

employs science and policy experts who have analyzed FOIA, National Environmental Policy Act (NEPA), ESA, OFPA, and other environmental and scientific reports for their entire careers. CFS publishes reports on a variety of topics, including on freshwater resources, aquaculture, genetically engineered foods, pesticides, food and feed additives, and other food and agricultural topics that tend to be difficult for the layperson to understand without professional assistance. CFS and its members are harmed by OMB's violations of FOIA, as such violations prevent CFS from disseminating information to the public concerning OMB's oversight and coordination with USDA on regulation of bio- and genetically-engineered foods.

10.     Defendant OMB is a cabinet-level agency within the Executive Branch of the United States Government. OMB is in possession and control of the records that CFS seeks, and is an agency within the meaning of 5 U.S.C. § 552(f)(1). OMB is therefore subject to FOIA.

## IV.     LEGAL BACKGROUND

11.     The basic purpose of FOIA is to promote government transparency and public oversight of agency action. The statute effectuates this objective by establishing the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

12.     FOIA imposes stringent deadlines on federal agencies with regard to making initial determinations in response to FOIA requests. Within twenty working days of receiving a FOIA request, an agency must determine whether it will release the requested records, and must notify the requester of its determination, the reasons for its decision, and the requester's right to appeal an adverse decision to the head of the agency. *Id*. § 552(a)(6)(A).

13.        Congress has specified certain limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an agency may extend the deadline no more than ten additional working days by providing written notice to the requester that sets forth the circumstances justifying the extension. *Id.* § 552(a)(6)(B)(i).

14.        FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15.        For a determination to trigger the administrative exhaustion requirement, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id*. at 188.

16.        If the agency fails to respond within the applicable time limit, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

17.        Such constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

18.        The court "then has the authority to oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, Case No. 15–1303, 2017 WL 3112816, *2 (D.D.C. July 20, 2017) (citing *Citizens for Responsibility and Ethics in Washington*, 711 F.3d at 189); *see also Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

19.        FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

20.        With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Washington,* 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

21.        In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

22.     FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B).

23.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

24.     In addition, FOIA provides a waiver for fees associated with the procurement of documents subject to FOIA requests. Such fee waivers are granted "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

25.     Agency decisions regarding whether fee waiver criteria is satisfied must be in keeping with the purpose of the fee waiver amendments, which were enacted to allow further disclosure to nonprofit, public interest organizations. *See* 132 Cong. Rec. S. 14270-01, (statement of Sen. Leahy) ("[A]gencies should not be allowed to use fees as an offensive weapon against requesters seeking access to Government information."). Furthermore, "Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (citing *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987) (citing Sen. Leahy) (quotations omitted).

26.     Finally, FOIA requires that the agency provide "information about the status of a request . . . including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

## V.      FACTUAL BACKGROUND

27.         On May 3, 2018, CFS submitted a FOIA request to OMB, seeking "any and all documents, from December 2017 to present, related to the implementation of the Agricultural Marketing Act of 1946, Pub. L. No. 114-216, 130 Stat. 834, the act regulating the labeling of bio- or genetically-engineered foods" (May 3 FOIA Request). In addition, the May 3 FOIA Request asked that OMB waive all fees in connection with the procurement of this information, because fee waiver criteria was met pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). CFS explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS.

28.         An initial determination on the May 3 FOIA Request was due by June 1, 2018, twenty working days after the date CFS submitted the request.

29.         On May 4, 2018, OMB acknowledged receipt of the May 3 FOIA Request, assigning the tracking number, "2018-319."

30.         On June 4, 2018, CFS emailed OMB asking for an initial determination and an estimated date of completion of the agency's search and production of records.

31.         As of the date of this complaint, CFS has received no further communications from OMB.

32.         None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the May 3 FOIA Request.

33.         CFS has been required to expend resources to prosecute this action.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Defendant Failed to Comply with FOIA's Mandatory Determination Deadline

34.         The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

35.         OMB violated FOIA by failing to make a determination on CFS's May 3 FOIA Request. 5. U.S.C. § 552(a)(6).

36.         CFS has a statutory right to receive a determination within the congressionally mandated deadline of twenty working days. *Id.*

37.         OMB did not request additional time to comply with the request.

38.         OMB's failure to make an initial determination with regard to the May 3 FOIA Request, thus unlawfully delaying its response beyond the deadline that FOIA mandates, has prejudiced CFS's ability to timely obtain public records. *Id.* § 552(a)(6)(A)(i).

39.         As such, CFS has exhausted the applicable administrative remedies with respect to the May 3 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

40.         Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OMB in the foreseeable future.

41.         CFS's organizational activities will be adversely affected if OMB continues to violate FOIA by failing to disclose responsive records as it has in this case.

42.         Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, OMB will continue to violate CFS's rights to receive public records under FOIA.

## SECOND CAUSE OF ACTION
### Defendant Failed to Conduct an Adequate Search for Responsive Records

43.        The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

44.        OMB violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)-(D).

45.        CFS has a statutory right to have OMB process its May 3 FOIA Request in a manner that complies with FOIA. *Id.*

46.        OMB violated CFS's right when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the May 3 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

47.        CFS has exhausted the applicable administrative remedies with respect to the May 3 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

48.        Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OMB in the foreseeable future.

49.        CFS's organizational activities will be adversely affected if OMB continues to violate FOIA by failing to disclose responsive records as it has in this case.

50.        Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, OMB will continue to violate CFS's rights to receive public records under FOIA.

## THIRD CAUSE OF ACTION
### Defendant Unlawfully Withheld All Responsive Records

51.        The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

52.        OMB violated FOIA by failing to promptly disclose records that are responsive to CFS's May 3 FOIA Request. 5 U.S.C. § 552(a)(4)(B).

53.        CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for OMB to withhold these records from CFS. *See Id*. § 552(b)(1)-(9).

54.        To date, OMB has not provided any records requested by CFS in the May 3 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

55.        As such, OMB is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. OMB's unlawful withholding prejudices CFS's ability to timely obtain public records.

56.        CFS has exhausted the applicable administrative remedies with respect to the May 3 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

57.        Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OMB in the foreseeable future.

58.        CFS's organizational activities will be adversely affected if OMB continues to violate FOIA by failing to disclose responsive records as it has in this case.

59.        Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, OMB will continue to violate CFS's rights to receive public records under FOIA.

## FOURTH CAUSE OF ACTION
### Defendant Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

60.　　　　The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

61.　　　　OMB violated FOIA by failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to the May 3 FOIA Request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

62.　　　　CFS has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id*.

63.　　　　To date, OMB has failed to disclose any records to CFS, including nonexempt information that could be reasonably segregated and released in response to the May 3 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

64.　　　　CFS has exhausted the applicable administrative remedies with respect to the May 3 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

65.　　　　Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OMB in the foreseeable future.

66.　　　　CFS's organizational activities will be adversely affected if OMB continues to violate FOIA by failing to disclose responsive records as it has in this case.

**67.**　　　　Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, OMB will continue to violate CFS's rights to receive public records under FOIA.

## FIFTH CAUSE OF ACTION
### Defendant Failed to Grant a Fee Waiver as Required by FOIA

68.　　　　The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

69.       OMB violated FOIA by failing to grant—or indeed make any determination—on CFS's request for a fee waiver. 5 U.S.C. § 552(a)(4)(A)(iii).

70.       CFS is entitled to a waiver of fees associated with processing its May 3 FOIA Request because disclosure of responsive records will likely contribute significantly to public understanding of OMB's oversight and coordination with USDA regarding the regulation of bio- and genetically-engineered foods, and such disclosure is of no commercial interest to CFS. *Id*.

71.       CFS has exhausted the applicable administrative remedies with respect to the May 3 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

72.       Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OMB in the foreseeable future.

73.       CFS's organizational activities will be adversely affected if OMB continues to violate FOIA by failing to disclose responsive records and waive fees associated with such disclosure as it has in this case.

74.       Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, OMB will continue to violate CFS's rights to receive public records under FOIA.

**SIXTH CAUSE OF ACTION**
**Defendant Failed to Provide an Estimated Date of Completion as Required by FOIA**

75.       The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

76.       OMB violated FOIA by failing to provide CFS with an estimated date of completion as required by 5 U.S.C. § 552(a)(7)(A)-(B).

77.       CFS has a statutory right to have OMB process its May 3 FOIA Request in a manner which complies with FOIA. OMB has violated Plaintiff's rights in this

regard by its failure to provide—by any means—an estimated completion date for its response to the May 3 FOIA Request as required by FOIA. 5 U.S.C. § 552(a)(7)(A)-(B).

78.     OMB's failure to inform CFS of an estimated completion date for the May 3 FOIA Request has prejudiced CFS's ability to timely obtain public records.

79.     CFS has exhausted the applicable administrative remedies with respect to the May 3 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

80.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OMB in the foreseeable future.

81.     CFS's organizational activities will be adversely affected if OMB continues to violate FOIA by failing to disclose responsive records as it has in this case.

82.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, OMB will continue to violate CFS's rights to receive public records under FOIA.

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Order Defendant to provide a lawful initial determination on Plaintiff's FOIA request as required by FOIA by a date certain.

2.     Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's May 3 FOIA Request with the cut-off date for searches being the date the searches are conducted, and to provide to Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3.     Order Defendant to grant Plaintiff a fee waiver for its May 3 FOIA Request.

4.      Declare that Defendant unlawfully failed to make and communicate an initial determination on Plaintiff's May 3 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

5.      Declare that Defendant unlawfully failed to undertake a search for and disclosure of all records responsive to Plaintiff's May 3 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

6.      Declare that Defendant unlawfully failed to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(7)(b).

7.      Declare that Defendant unlawfully failed to grant Plaintiff a fee waiver for its May 3 FOIA Request.

8.      Declare that Defendant unlawfully failed to provide Plaintiff with an estimated date of completion as to the search and production of Plaintiff's May 3 FOIA Request as required by 5 U.S.C. § 552(a)(7)(B)(ii).

9.      Provide for expeditious proceedings in this action.

10.     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

11.     Grant such other relief as the Court may deem appropriate.


Dated this 3rd day of July, 2018.

                          Respectfully submitted,

                          CENTER FOR FOOD SAFETY,

                          /s/ George A. Kimbrell
                          _____
                          GEORGE A. KIMBRELL (WA 36050)
                          Center for Food Safety
                          917 SW Oak St. Suite 300

15

Portland, Oregon 97205
T: (971) 271-7372 / F: (971) 271-7374
Email: gkimbrell@centerforfoodsafety.org

KELLAN SMITH (*Pro Hac Vice* Pending)
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
T: (415) 826-2770 / F: (415) 826-0507
Email: ksmith@centerforfoodsafety.org


*Counsel for Plaintiff*